UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Cletus E. Schneider,

Petitioner,

vs. ORDER

James H. Bruton, Warden,

Respondent. Civ. No. 00-1628 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of July, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2254, and an Application to proceed in forma pauperis. The Petitioner appears pro se, and no appearance has been made by, or on behalf of, the Respondent.[1]

---

[1]The Respondent has yet to appear as we are remanding the Petition to the Petitioner because of its obvious procedural deficiencies. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in relevant part, as follows:

The original petition shall be presented
(continued...)

FILED JUL 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For the reasons which follow, we Order the Petitioner to amend his Petition to exclude those claims which have not been presented to the State Courts or, in the alternative, to demonstrate adequate cause for abandoning his State Court remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law.[2]

II. Discussion

The Petitioner informs us that he is a State prisoner, who was convicted on March 19, 1998, on a charge of First Degree Murder. Currently, he is serving a life sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. Following his convic-

---

[1](...continued)

> promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. * * *.

[2]We defer our ruling upon the Petitioner's Motion to Proceed in forma pauperis until such time as we can more adequately address the substance of his Petition.

tion, the Petitioner directly appealed to the Minnesota Supreme Court, arguing that the evidence presented at Trial was insufficient to support a Jury Verdict against him. On appeal, the Petitioner's conviction was affirmed on July 15, 1999. See, State v. Schneider, 597 N.W.2d 889 (Minn. 1999). At no time, prior to the filing of this Petition, did the Petitioner seek postconviction relief from the Trial Court.[3]

---

[3]Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996). The Petitioner must fairly present his constitutional claims to the State Courts "within one year of the date on which the judgment became final by conclusion of direct appeal, or by the expiration of the time for seeking such review." Title 28 U.S.C. §2244(d)(1)(A).

As the current Petition was filed 5 days prior to the expiration of the Petitioner's deadline for State Court review, it appears that the Petitioner had the opportunity to file a Petition for State Post-Conviction relief, subsequent to the filing of his Federal Habeas Petition. However, the Record before us is unclear on this issue. Therefore, we direct the Petitioner to clarify, in his forthcoming amended Petition, whether or not he filed a Petition for State Post-Conviction relief during the period from July 10, 2000 to July 15, 2000.

In his current Petition, the Petitioner raises the following grounds for the invalidation of his State Court conviction:

1. Violation of the privilege against self-incrimination;

2. Prosecutorial misconduct;

3. Use of improperly seized evidence;

4. Unfair Trial due to prosecutor's failure to disclose favorable evidence;

5. Judicial misconduct;

6. Unfair Trial due to use of false and misleading evidence.

7. Denial of effective assistance of counsel; and

8. Violation of the right to Due Process.

Liberally construing these averments in the Petitioner's favor, it is clear that the Petitioner has never presented the first six of these claims to the Minnesota Courts for review.

A. Standard of Review. Section 2254(b) prohibits the issuance of a Writ of Habeas Corpus "unless it appears that the applicant has exhausted the remedies of the State." Title 28 U.S.C. §2254(b)(1). Accordingly, a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims

presented in his Federal Petition. Picard v. Conner, 404 U.S. 270, 275 (1971)(exhaustion of State remedies doctrine mandates the presentation of Federal constitutional claims to the State Courts at least once on direct or collateral review); see also, Duncan v. Henry, 513 U.S. 364, 365 (1995)(exhaustion requires State prisoners to "fairly present" Federal claims to the State Courts); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996); Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995).

In this context, a claim has not been "fairly presented" to the State Courts unless the same factual grounds, and legal theories, which are asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. Abdullah v. Groose, supra at 411 ("prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim"); Krimmel v. Hopkins, supra at 876. To satisfy the "fairly presented" requirement, a State prisoner is required, in the State proceedings, to have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal

constitutional issue." Abdullah v. Groose, supra at 411-12, quoting Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); see also, McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991)("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court").

If the Petitioner has failed to exhaust his State Court remedies, and if the Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted. Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review. Coleman v. Thompson, supra at 750; Sloan v. Delo, supra at 1378.

Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63

(1989). A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is firmly established and regularly followed. Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), cert. denied, 517 U.S. 1124 (1996), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed, supra at 262 ("an adequate and independent finding of procedural default [as a matter of State law] will bar federal habeas review of the federal claim").

Under Minnesota law, it is a well-established procedural rule that, "once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), quoting State v. Knaffla, supra at 741; see also, Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995); Fox v. State, 474 N.W.2d 821, 824 (Minn. 1991); Case v. State, 364 N.W.2d 797, 799 (Minn. 1985). Generally, only where the "claim is so novel that it can be said that it's legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided," will a State Appellate Court consider the claim. Roby v. State, supra at 484.

Federal Courts generally may "not consider a state prisoner's federal habeas claim if the state court found the claim to have been defaulted." Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997, cert. denied, --- U.S. ---, 118 S.Ct. 887 (1998), citing Coleman v. Thompson, supra at 750. Nevertheless, a Federal Habeas Court may consider a Petitioner's procedurally defaulted claims, if the Petitioner establishes "cause for and prejudice from his default," Joubert v. Hopkins, supra at 1242, or presents a showing "that he has evidence of his actual innocence and that a miscarriage of justice will occur unless his claims are reviewed." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In order to demonstrate "cause and actual prejudice," the Petitioner must present adequate cause for abandoning his State Court remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law. Pollard v. Armontrout, 16 F.3d 295, 297 (8th Cir. 1994), cert. denied, 515 U.S. 1134 (1995), quoting Schlup v. Delo, supra at 868.

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this is a "mixed" Petition, in which the Petitioner has no chance of prevailing. Rose v. Lundy, 455 U.S.

509, 522 (1982).[4] As is made clear by the Petitioner's own admission, see, Petition for Writ of Habeas Corpus, at 13, the first six claims, which are presented in his Petition, were never raised on direct appeal, and the Petitioner did not seek postconviction review of these claims, notwithstanding the availability of that review. Instead, the Petitioner has asserted these grounds, for the first time, in his Petition for Writ of Habeas Corpus.

Dismissal of the Petitioner's Petition is normally appropriate where, as here, the Petition presents both exhausted and unexhausted claims. Although the Petitioner informs us that his newly raised claims were not presented in his direct appeal, because of a claimed ineffectiveness in the assistance of his counsel, he fails to provide any reason for foregoing his avenue of postconviction relief regarding these claims.

However, notwithstanding the Petitioner's failure to exhaust, we are cognizant of the District Court's discretion, in this Circuit, to permit a petitioner to perfect an otherwise deficient

---

[4]Where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.

Petition by deleting those claims that were not exhausted in the State Courts.[5] See, Jackson v. Dormire, 180 F.3d 919, 920 (8th. Cir. 1999); Williams v. Groose, supra at 262; Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994), cert. denied, 516 U.S. 869 (1995). The circumstances of the present case counsel such a result. Where, as here, the statutory period to bring a Petition for a Writ of Habeas Corpus is closed,[6] the dismissal of exhausted claims would result in the denial of a review of the Petitioner's Petition, including those claims that were properly exhausted before leaving the State Courts. Such a result does not serve the interests of justice or judicial efficiency. Further, contrary to the Petitioner's suggestion, we are not permitted to hold his Petition "in abeyance," pending the exhaustion of his newly raised claims. See, Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996)

---

[5]The Supreme Court's plurality decision, in Rose v. Lundy, 455 U.S. 509, 510, establishes that a petitioner can amend his Petition to avoid dismissal. Id. at 520; see also, Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996)(petitioner required to delete unexhausted claim from Habeas Petition or have entire Petition dismissed without prejudice). If a petitioner fails to amend his Petition to delete any unexhausted claims contained therein, the District Court must dismiss the Petition. See, Myre v. Iowa, 53 F.3d 199, 201 (8th Cir. 1995).

[6]The Petitioner's Petition indicates that the statutory deadline for the pursuit of Habeas relief expired on July 15, 2000. See, Title 28 U.S.C. §2244(d)(1).

(contrary to dicta in prior cases, District Court has no authority to hold a mixed Petition in abeyance until petitioner exhausts State remedies), cert. denied, 519 U.S. 1153 (1997).

Consequently, we direct the Petitioner to amend his Petition, **within 20 days from the date of this Order**, so as to eliminate his unexhausted claims or, in the alternative, to demonstrate adequate cause for abandoning his State Court remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law. Should the Petitioner fail to comply with the directives of this Order, we will recommend its dismissal as a mixed Petition. Lastly, if the Petitioner filed for postconviction relief, in the State Courts, prior to his filing for such relief in this Court, he is to advise this Court of the date on which such a Petition was filed, and its current status, by the same date as we have previously directed.

NOW, THEREFORE, It is --

ORDERED:

1. That, within 20 days from the date of this Order, the Petitioner amend his Petition, so as to eliminate his unexhausted claims, or, in the alternative, to demonstrate adequate cause for abandoning his State Court remedies, and a showing of actual

prejudice that has been produced as a result of his having bypassed his remedies under State law.

2. That the Petitioner's Motion to Hold these Proceedings "in Abeyance" [Docket No. 3] is denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE